United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50582
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GORDON NATHANIEL RIDLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-243-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges,

PER CURIAM:[*]

Gordon Nathaniel Ridley appeals his conviction and the
sentence imposed following a jury trial for being a convicted
felon in possession of a firearm.  18 U.S.C. § 922(g)(1).

Ridley contends that the district court erred when it
increased his base offense level for obstruction of justice
pursuant to U.S.S.G. § 3C1.1 because the record does not support
the district court's finding that he committed perjury on a
material matter at trial.  The district court found that Ridley
committed perjury when he denied owning or possessing a weapon,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testified that he was entirely unaware that there was a weapon in his apartment until he was arrested for the instant offense, and disclaimed knowing that the weapon was stolen during a crime in which his brother was a suspect.  The district court's findings are plausible in light of the record as a whole and, thus, the district court did not clearly err in concluding that an enhancement for obstruction of justice was warranted. See United States v. Powers, 168 F.3d 741, 752 (5th Cir. 1999); United States v. Laury, 985 F.2d 1293, 1308-09 (5th Cir. 1993).

Ridley also contends that the Government effectively intimidated a defense witness and affected her testimony by contacting her and warning her of potential perjury charges. Ridley has not established that the conduct of the Government improperly interfered with his defense.  The Government did not commit misconduct by contacting the defense witness and warning her about the consequences of testifying untruthfully.  See United States v. Viera, 839 F.2d 1113, 1115 (5th Cir. 1988)(en banc). Furthermore, the evidence does not suggest that the witness would have offered different or further exculpatory testimony but for her conversation with the Government.  Id.

Finally, Ridley argues that he was denied effective assistance of counsel because his trial attorney failed to object to a question from the Government concerning his prior conviction for forgery.  A claim of ineffective assistance of counsel generally will not be considered for the first time on direct

appeal because there has not been an opportunity to develop evidence on the claim.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).  The record here has not been sufficiently developed to permit consideration of Ridley's claims on direct appeal.  Accordingly, we decline to entertain Ridley's appeal on this ground, but we do so without prejudice to Ridley's right to raise this issue collaterally in a future proceeding.

AFFIRMED.